UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAUN BRYANT,

   Petitioner,

v.             Case No: 8:11-CV-2156-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

   Respondent.
_____/

## ORDER

   Petitioner, an inmate in the Florida Department of Corrections proceeding *pro se*, has initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). He challenges his conviction for robbery with a firearm, entered in 2006 in the Sixth Judicial Circuit, Pinellas County, Florida.  In its response (Dkt. 8), Respondent contends that Petitioner's claims are procedurally barred and that the petition should be denied.  Upon review, the petition must be denied.

## PROCEDURAL HISTORY

   On July 30, 2004, the State of Florida filed a felony information charging Petitioner with one count of robbery with a firearm.  Petitioner entered an open plea of guilty with a thirty-year cap on February 14, 2006.  On August 28, 2006, he was sentenced to thirty years' imprisonment.  His sentence provided that after he served twenty years, the remaining ten years were to be suspended and served on probation.  Additionally, his sentence included a minimum mandatory term of ten years' imprisonment under section 775.087(2), Fla. Stat.  Petitioner's judgment and sentence were *per curiam* affirmed on December 14, 2007. *Bryant v. State*, 970 So.2d 829 (Fla. 2d DCA 2007) (table).

Petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 on November 4, 2008.  (Dkt. 9, Ex. 6, Vol. I, Motion for Postconviction Relief.)  The state court entered an order on February 20, 2009, that struck several of Petitioner's grounds with leave to amend because they were facially insufficient.  (Dkt. 9, Ex. 6, Vol. I, Order Striking in Part Defendant's Motion for Postconviction Relief; Holding in Abeyance in Part.)  Petitioner subsequently filed amended motions on March 19, 2009, and September 12, 2009.  (Dkt. 9, Ex. 6, Vol. I, Amended Motions for Postconviction Relief.)  The court summarily denied Petitioner's Rule 3.850 motion in an order entered July 20, 2010.  (Dkt. 9, Ex. 6, Vol. II, Order Denying Defendant's Motion for Postconviction Relief.)

Petitioner filed a motion for rehearing on August 4, 2010.  (Dkt. 9, Ex. 6, Vol. II, Motion for Rehearing.)  The state court denied this motion in an order entered August 16, 2010.  (Dkt. 9, Ex. 6, Vol. II, Order Denying Defendant's Motion for Rehearing.)  It also appears that on July 27, 2010, Petitioner filed a motion seeking leave to amend his Rule 3.850 motion, which the court dismissed in an order entered August 16, 2010.  (Dkt. 9, Ex. 6, Vol. II, Order Dismissing Defendant's "Motion for Leave of Court to Amend Motion for Post-Conviction Relief 3.850.")  The state appellate court *per curiam* affirmed the denial of Petitioner's Rule 3.850 motion on June 8, 2011.  *Bryant v. State*, 69 So.3d 283 (Fla. 2d DCA 2011) (table).  The mandate issued on September 28, 2011.[1]

Petitioner filed this petition on September 20, 2011.  The response was filed on January 9, 2012.  Petitioner filed a reply on January 30, 2012 (Dkt. 12).  He also filed a pleading entitled "Petitioner's Response" (Dkt. 13) on March 1, 2012.  This pleading was stricken as unauthorized in an order entered March 29, 2012 (Dkt. 14).  Petitioner's motion for reconsideration (Dkt. 15) was denied in an order entered April 24, 2012 (Dkt. 16).  Petitioner's subsequent motion to expand the

---

[1]Second District Court of Appeal Docket, Case No. 2D10-4559, http://199.242.69.70/pls/ds/ds_docket

record (Dkt. 17) was granted in an order entered July 2, 2012 (Dkt. 18).   The documents that

Petitioner sought to include in the record were attached to his motion as exhibits.

**STANDARD OF REVIEW**

**I.      AEDPA**

This petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act

("AEDPA") effective April 24, 1996.   *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).   Habeas

relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or

treaties of the United States."   28 U.S.C. § 2254(a).   Section 2254(d) sets forth a highly deferential

standard for federal court review of a state court's findings of law and fact.   It provides that habeas

relief may not be granted on a claim adjudicated on the merits in state court unless such

determination:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained the deferential review of a state court's findings:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a question of
> law or if the state court decides a case differently than this Court has on a set of
> materially indistinguishable facts.   Under the "unreasonable application" clause, a
> federal habeas court may grant the writ if the state court identifies the correct
> governing legal principle from this Court's decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).   A state court's factual findings must also be given

deference.   Specifically, a state court's determinations of fact "shall be presumed to be correct," and

the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and

convincing evidence." 28 U.S.C. § 2254(e)(1); *Henderson v. Campbell*, 353 F.3d 880, 890-91 (11th Cir. 2003).

## II.     Exhaustion, Procedural Default, Federal Issue

In order to pursue federal habeas relief, a state prisoner must exhaust every available state court remedy for challenging his conviction.  28 U.S.C. § 2254(b)(1).  "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).  A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Pruitt v. Jones*, 348 F.3d 1355, 1358 (11th Cir. 2003).

To exhaust state remedies, a petitioner must make the state court aware of both the legal and factual bases for his claim.  "To present a federal constitutional claim properly in state court, 'the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" *Zeigler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)).  "[T]he prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief."  *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."  *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).  *See also O'Sullivan*, 526 U.S. at 848; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999).

Similarly, a federal habeas petition must involve a question of federal law.  A state court's interpretation of state laws or rules, when no federal constitutional issue is addressed, does not provide a basis for federal habeas relief.  Therefore, a claim that solely involves state law is not cognizable in a § 2254 petition.  *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citing *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983)).

## DISCUSSION

Respondent acknowledges that this petition is timely.  But Respondent argues that the petition must be denied because Petitioner has not exhausted the grounds presented in this habeas petition in state court and has not raised them now as federal constitutional claims.

**Ground One: "Discrepancy in Court Docket."**

Petitioner appears to claim that the state court's docket contains a discrepancy regarding the date of a pre-trial hearing that he wanted the court to transcribe.  Ground One of the habeas petition does not fully explain the context of this claim.  However, the record and the other claims in his petition suggest that Petitioner believes the trial judge offered him a fifteen-year sentence if he pled guilty and that this offer took place at a hearing at an undetermined time, for which he does not provide an exact date in his habeas petition.

Petitioner stated in his Rule 3.850 motion that this hearing took place on September 1, 2004.  The state court's order denying the motion reflects that the state court examined the record and noted that no court proceedings took place in Petitioner's case on September 1, 2004.  (Dkt. 9, Ex. 6, Vol. II, Order Denying Defendant's Motion for Postconviction Relief, p. 3.)  The court's order provides that the only docket activity that day was the filing of counsel's written notice of appearance and a

plea of not guilty.[2]  (Id.)  The court considered the possibility that Petitioner simply confused the date.  The court noted Petitioner's statements in his Rule 3.850 motion that the plea offer was made on the date of his arraignment, which had been set for August 20, 2004, and that counsel was present when the offer was made.  (Id.)  But the state court found that its records refuted this conclusion because counsel did not appear in court on August 20, 2004, and did not file his notice of appearance until September 1, 2004.  (Id.)  The state court also noted that counsel first appeared in court on this case at a pre-trial hearing on September 10, 2004, when he asked the court to reset the hearing because he had not received discovery.  (Id., p. 4.)  The transcript of that hearing shows that no discussion of a plea offer took place that day.  (Id., Ex. I.)

Furthermore,  in its order denying Petitioner's Rule 3.850 motion, the state court addressed the alleged plea offer.  The court noted that "it defies logic that the Court would have made the Defendant a 15-year plea offer at his arraignment on a life felony."[3]  (Id., p. 3.)  The record additionally reflects that at the change of plea hearing counsel twice mentioned a previous fifteen-year offer and asked if the court was willing to consider it, but the origin of this offer was not addressed.[4]  (Dkt. 9, Ex. 1, Vol. I, Transcript of February 14, 2006 Change of Plea Hearing, pp. 4, 13.)

---

[2]The Office of the Public Defender was initially appointed to represent Petitioner.  However, the Public Defender's motion to withdraw due to conflict was granted and new counsel was appointed in an order entered August 12, 2004.  (Dkt. 9, Ex. 1, Vol. I, Motion to Withdraw Due to Conflict; Order Withdrawing Public Defender Due to Conflict and Order Appointing Counsel.)

[3]Petitioner was charged with robbery with a firearm under section 812.13(2)(a), Florida Statutes (2003). (See Dkt. 9, Ex. 1, Vol. I, Felony Information.)  Upon conviction, an offense under that section is punishable by a term of years not exceeding life.

[4]Additionally, Petitioner's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (See Dkt. 9, Ex. 2, p. 4.) The brief's statement of the case and facts indicated that a fifteen-year offer was made by the State but was revoked.  (Id., p. 1.)

Petitioner now appears to contend in his habeas petition that he was mistaken in naming September 1, 2004, as the pre-trial date in question, and that searching the state court docket for proceedings occurring between September 1, 2004, and November 5, 2004, would reveal the date of hearing when trial court allegedly offered him a fifteen-year plea agreement.

Petitioner did not raise this issue as a specific ground for relief in state court. His Rule 3.850 motion discussed the proceedings that Petitioner believed took place on September 1, 2004, and he raised several claims of ineffective assistance of counsel and of involuntary rejection of plea concerning the plea allegedly offered that day. The state court denied those grounds because the record showed that no proceedings took place on September 1, 2004. However, Petitioner failed to raise the issue of discrepancies in the court docket as a unique claim for relief, as he does here, in his Rule 3.850 motion or on direct appeal.[5] Therefore, because this ground has not been raised in state court and is unexhausted, it is procedurally defaulted and cannot provide relief for Petitioner.

Furthermore, Petitioner cannot obtain relief on Ground One because he does not raise a federal constitutional question in this claim. He only argues that there is a discrepancy in the state court docket and that further investigation and review of the docket will reveal the date of the pre-trial hearing when the plea offer was made. Because Petitioner has failed to bring a federal constitutional question, the claim raised in Ground One is not cognizable in a federal habeas petition. *See Branan,* 861 F.2d at 1508. Accordingly, Ground One does not warrant relief.

---

[5]Appellate counsel filed an *Anders* brief and there is no indication from the record that Petitioner subsequently filed a *pro se* appellate brief. *See Anders*, 386 U.S. at 744 (stating that, after appellate counsel files a motion to withdraw and brief pursuant to the procedures set forth in *Anders*, "[a] copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses ....")

**Ground Two: "Vindictiveness."**

As addressed in Ground One, Petitioner asserts that the state court judge initially offered him a fifteen-year sentence prior to trial. Petitioner states that when he rejected this offer to proceed to trial, the court "got upset" and indicated Petitioner would not receive a "better deal" if he went to trial. (Dkt. 1, p. 8.) Petitioner contends that on February 14, 2006, the date that he entered his plea, the court initiated another plea with a cap of thirty years. (Id.) Petitioner states that he believed he had to accept the second offer, stating that he "felt threatened into taking the second of the two pleas due to the judge's sentence was twice as much as the first plea" and that "the presumption of vindictiveness is present." (Id.)

Petitioner appears to argue that his sentence is presumptively vindictive because he was punished with a thirty-year sentence after he rejected the fifteen-year plea offer and stated his intention to proceed to trial. He contends that his vindictive sentence violates due process. Petitioner also claims that the trial judge did not adhere to the Federal Rules of Criminal Procedure in making him the plea offer.[6]

Petitioner did not raise the allegedly vindictive nature of his sentence as a claim for relief either on direct appeal or in his Rule 3.850 motion. Therefore, his habeas claim remains unexhausted and is procedurally defaulted.[7] Accordingly, Petitioner is not entitled to relief on Ground Two.

**Ground Three: "15 year plea offer."**

Petitioner states he and his attorney were present at his arraignment, when the court made a fifteen-year plea offer. He contends that, because he was unaware that his charge was punishable

---

[6] This claim is denied. The Federal Rules of Criminal Procedure did not apply as Petitioner contends.

[7] Even if this claim was not procedurally defaulted, it would not provide relief. In reviewing Petitioner's Rule 3.850 claim that counsel was ineffective for failing to object to a vindictive sentence, the state court concluded that his sentence was not vindictive because the record refuted Petitioner's claim that a fifteen-year plea offer was made by the court on September 1, 2004. (See Dkt. 9, Ex. 6, Vol. II, Order Denying Petitioner's Motion for Postconviction Relief, p. 4.)

by life imprisonment, he countered with a ten-year plea offer.  Petitioner claims that he was deprived

of constitutionally adequate representation when counsel "allowed him" to reject the fifteen-year plea

offer.  (Dkt. 1, p. 11.)  He argues that "[c]ounsel did nothing to persuade either the petitioner in

accepting the plea, or advising him it would not be in his best interest to decline the plea offer."

(Id.)  Petitioner contends that as a result of counsel's alleged ineffective assistance, he is serving a

term longer than that which was originally offered in plea negotiations.  He seeks to accept the

fifteen-year plea offer.

      Respondent contends that all the grounds in the petition are unexhausted and procedurally

barred.  Ground Three of the petition is titled differently than any claim in Petitioner's Rule 3.850

motion.  However, the claim of ineffective assistance of counsel raised in Ground Three of

Petitioner's habeas petition is substantially similar to ground four of his Rule 3.850 motion, in which

he alleged that counsel was ineffective for failing to request a recess on September 1, 2004, to

discuss the consequences of the plea and consider the fifteen-year plea allegedly offered by the court

that day.  In support of that claim, Petitioner also stated that counsel was ineffective for allowing him

to reject the plea offer.  However, even if this habeas claim is liberally construed as raising the same

claim addressed in ground four of Petitioner's Rule 3.850 motion, it does not afford him relief.

      To obtain relief on a claim of ineffective assistance of counsel, a petitioner must show that

counsel's performance was deficient and that this deficiency prejudiced the petitioner.  *Strickland*

*v. Washington*, 466 U.S. 668, 687 (1984).  In order to show deficient performance, a petitioner must

demonstrate that "in light of all the circumstances, the identified acts or omissions [of counsel] were

outside the wide range of professionally competent assistance." *Id.* at 690.  To demonstrate

prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.   When a petitioner enters a plea, the prejudice inquiry focuses on whether, absent counsel's ineffective assistance, there is a reasonable probability petitioner would have insisted on proceeding to trial, rather than entering the plea.   *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

In reviewing ground four of the postconviction motion, the state court found that because there was no calendar call in Petitioner's case on September 1, 2004, counsel could not have been ineffective in regard to court proceedings that day.   (Dkt. 9, Ex. 6, Vol. II, Order Denying Defendant's Motion for Postconviction Relief, p. 5.)   The court made this finding after reviewing the case history and determining that counsel filed a notice of appearance on September 1, 2004, and did not appear in court on Petitioner's case until September 10, 2004. (Id., pp. 3, 4.)   Additionally, the court attached the docket and the completed calendar for Petitioner's case, which it found reflected that no court proceedings occurred on September 1, 2004.  (Id., Ex. G-1, G-2.)  Petitioner has not shown that the state court's determination was contrary to or an unreasonable application of clearly established federal law.   Ground Three warrants no relief.

**Ground Four: "Judge's Participation in Plea Negotiation."**

Petitioner argues that, at two different hearings in his case, the trial court initiated a plea bargain.  Again, he claims that at the first such hearing, the court offered him fifteen years in prison. Petitioner also alleges that on February 14, 2006, the court made another offer of a "30 year cap." (Dkt. 1, p. 13.)  Petitioner argues that the court "violated his constitutional rights" by offering him a plea bargain contrary to rules of criminal procedure. (Dkt. 1, pp. 13-14.) Specifically, he contends that the court violated the Federal Rules of Criminal Procedure by participating in plea negotiations

without the State and defense counsel coming to an agreement.  He therefore asks to be resentenced before another judge in accordance with the original fifteen-year plea offer.

The record reflects that Petitioner did not bring this claim in state court.  While he alleged that the court offered him pleas in the course of arguing his postconviction claims, he did not raise the matter of the court's alleged participation in plea negotiations as a claim for relief on direct appeal or in his Rule 3.850 motion.  Because this claim was not raised in state court, it remains unexhausted and is therefore procedurally barred.  Consequently, Petitioner is not entitled to relief on Ground Four.

**Ground Five: "Breach of Plea Bargain."**

Petitioner argues that the trial court breached Petitioner's plea agreement.  He states that the plea bargain was for a thirty-year cap, with the "judge saying he would suspend 10 years for the defendant showing remorse and to help the state identify the third person in the crime, he would go lower in sentencing the defendant."  (Dkt. 1, pp. 17-18.)  Petitioner appears to assert that he understood the agreement to provide that if he provided substantial assistance, he would receive a sentence for a term of years less than thirty years, with ten years of such a term to be suspended.  He seeks resentencing in accordance with this agreement.

Petitioner raised this claim in ground six of his Rule 3.850 motion.  However, he did not bring this claim as one involving a federal constitutional issue.  Petitioner only argued that the plea agreement was breached and sought specific performance of the agreement.  In his habeas petition, Petitioner does not assert that the alleged breach of the plea agreement involves a federal constitutional claim.  Accordingly, this ground is not cognizable in Petitioner's federal habeas petitioner because Petitioner has not presented a federal constitutional claim.  *See Branan,* 861 F.2d at 1508.

Notwithstanding this procedural bar, Petitioner's claim would not entitle him to relief.  The

state court denied this claim after finding that it was refuted by the record:

> The record reflects that the Defendant entered an open plea; with a cap of 30
> years and that the Court would "consider suspending up to 10 years depending on
> whether remorse/mitigation is demonstrated to the court." (*See Exhibit B: Change
> of Plea Form; Exhibit K, Change of Plea Transcript, pgs. 22, 27.*)  The Defendant
> provided the name of the third co-defendant as well as information regarding some
> robberies and expressed remorse.  (*See Exhibit L, Sentencing Transcript, pg. 7;
> Exhibit K, Change of Plea Transcript, pgs. 30-46.*)  The record reflects that the
> Defendant was sentenced to 30 years in prison with 10 years suspended in accordance
> with his agreement.  (*See Exhibit C, Judgment and Sentence.*)  Therefore, this claim
> is denied.

(Dkt. 9, Ex. 6, Vol. II, Order Denying Defendant's Motion for Postconviction Relief, p. 6.)

The court referred to the change of plea form, as well as specific portions of the transcripts

of the change of plea hearing and the sentencing hearing.  The change of plea form provides that

there was an understanding Petitioner's sentence was to consist of an "open plea, cap of 30 yrs., will

consider suspending up to 10 yrs. depending on what remorse/mitigation is demonstrated to the

court." (Dkt. 9, Ex. 6, Vol. II, Order Denying Defendant's Motion for Postconviction Relief, Ex.

B.)  Additionally, at the change of plea hearing, the court confirmed with counsel that the plea form

Petitioner was signing reflected that there was a thirty-year cap on the sentence, and also verified

with Petitioner that he understood that the offense with which he was charged was punishable by up

to life imprisonment, and that the cap on his sentence was thirty years with the possibility of less

time.  (Id., Ex. K, pp. 22, 27.)

These record documents support the state court's conclusion that Petitioner's sentence was

entered in accordance with the open plea agreement.  Consequently, Petitioner is not entitled to relief

on Ground Five.

**Ground Six: "Mental Competency."**

Petitioner argues that counsel was ineffective for failing to investigate Petitioner's "mental issues" while he was incarcerated in the county jail. (Dkt. 1, p. 20.) He further asserts that counsel's failure "to hold a competency hearing" prejudiced him. (Id.) In support of his claim, Petitioner states that two doctors, Dr. Wheaton and Dr. Droz, evaluated him in the county jail. He asserts that Dr. Wheaton found him competent to proceed but that Dr. Droz's findings on competency were "undetermined." (Id.) Petitioner claims that "the mental records at the county jail were at counsel's disposal" and that counsel should have gathered and utilized this information to seek a competency hearing. (Id.) He therefore requests an evidentiary hearing to determine his competency to enter a plea.

The record reflects that Petitioner did not raise this claim in state court. While he argued in ground five of his Rule 3.850 motion that his rejection of the alleged fifteen-year plea offer was involuntary because he suffered from bipolar disorder that was not diagnosed until he was transported to the Department of Corrections after sentencing, he did not assert ineffective assistance of counsel for failure to investigate his mental health or seek a competency hearing.[8] Rather, Petitioner argued in his Rule 3.850 motion that his plea was involuntary due to his mental condition.[9]

Petitioner does not argue in his habeas petition that counsel's alleged ineffectiveness rendered his plea involuntary. Therefore, the claim of involuntary plea that Petitioner brought in his Rule

---

[8] The record reflects that counsel filed two motions requesting that the trial court appoint a confidential mental health expert to examine Petitioner. (Dkt 9, Ex. 1, Vol. I, Motions to Appoint Confidential Expert.)

[9] The state court's order includes the following language in its denial of ground five of Petitioner's Rule 3.850 motion: "And counsel could not be ineffective for failing to be aware of a mental disorder which was not diagnosed until after the Defendant was sent to prison and of which the Defendant himself was not aware." (Dkt. 9, Ex. 6, Vol. II, Order Denying Defendant's Motion for Postconviction Relief, pp. 5-6.) However, Petitioner did not specifically raise ineffective assistance of counsel in ground five of his Rule 3.850 motion.

3.850 motion is distinct from the claim of ineffective assistance of counsel he now presents in his habeas petition. Accordingly, the claim raised in Ground Six of his habeas petition, that counsel was ineffective for failing to investigate his "mental issues," was not presented to the state court and is unexhausted. It is therefore procedurally defaulted. Ground Six provides no relief to Petitioner.

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment against Petitioner and close this case.

It is further ordered that Petitioner is not entitled to a certificate of appealability. A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made this showing. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on _June 25th_, 2014.

JAMES D. WHITTEMORE
United States District Judge

SA:mcl
Copy furnished to:
*Pro se* Plaintiff
Counsel of Record